IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MICHAEL MATTOX,                )
                               )
    Plaintiff,                 )
                               )
VS.                            )    No. 19-2012-MSN-dkv
                               )
MEMPHIS POLICE DEPARTMENT (MPD),)
                               )
    Defendant.                 )
_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On January 2, 2019, the plaintiff, Michael Mattox, filed a *pro se* complaint against the Memphis Police Department (MPD), ("MPD") titled "Injunction Lawsuit."  (Compl., ECF No. 1.) Additionally, Mattox filed a motion to proceed *in forma pauperis*, (ECF No. 2), which the court granted on January 10, 2019, (ECF No. 6).  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order. 2013-05, Apr. 29, 2013.)  For the reasons that follow, it is recommended that the complaint be dismissed *sua sponte.*

I. PROPOSED FINDINGS OF FACT

Mattox's *pro se* complaint contains very little factual information.  His sole factual allegation in the entire two-page

complaint is that "[b]etween the years of 2016 thru 2018 the MPD kidnapped and held hostage I, the plaintiff, Michael Mattox, and took me, Michael Mattox, to Memphis Mental Health Institution." (Compl. 1, ECF No. 1.)  He believes "this . . . kidnap, false arrest, hostage & [] ransom situation happen[ed] on 11/11/2018." (*Id.*)  Beyond these conclusory factual assertions, the complaint is completely devoid of any facts regarding the alleged incident. Mattox claims in conclusory fashion that the MPD committed the following constitutional violations:

> 1st amendment freedom of speech, freedom not to speak
> 8th amendment cruel and unusual punishment
> 13th amendment of slavery
> 5 & 14 constitutional amendments of due process; deprived of life, liberty & the pursuit of happiness.

(*Id.*)

Mattox seeks compensatory damages in the amount of three zillion dollars for mental anguish, emotional pain and suffering, and physical pain and suffering; punitive damages in the amount of one zillion dollars; and injunctive relief in the form of a court order instating Mattox as the "chief executive officer of the MPD." (*Id.* at 2.)

## II. PROPOSED CONCLUSIONS OF LAW

2

A.   28 U.S.C. § 1915(e)(2)(B) Screening

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.  This report and recommendation will constitute the court's screening of Mattox's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A.  Standard of Review for Failure to State a Claim

In assessing whether Mattox's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive Rule 12(b)(6) following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d

4

380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted).  Requiring the court "to ferret out the strongest cause of action on behalf of *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

B.  Mattox's Constitutional Violation Claims

For purposes of analysis, the court will treat Mattox's "Injunction Lawsuit" as a complaint against the MPD pursuant to 42 U.S.C. § 1983 for violations of the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments.  It is well-established in the Sixth Circuit that a police department is not a proper defendant in a § 1983 action.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)("[T]he Police Department is not an entity which may be sued.").  Police departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 Fed. App'x 470, 475 (6th Cir. 2005).  "[S]ince *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."  *Mathes v. Metro Gov't of Nashville & Davidson Cty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010).

Here, Mattox named the MPD as the sole defendant in his "Injunction Lawsuit," which the court has construed as a complaint pursuant to 42 U.S.C. § 1983.  The MPD is a sub-unit of the City of Memphis, and, therefore, the MPD is not a separate legal entity which may be sued under § 1983.  *Sargent*, 150 Fed. App'x at 475 (6th Cir. 2005).

In addition, Mattox fails to state a claim under 42 U.S.C. § 1983 against the City of Memphis for which relief can be granted.

6

In *Monell*, the Supreme Court held that (1) municipal liability must be predicated upon the existence of some policy, procedure, or custom resulting in constitutional harm to the plaintiff, and (2) a "municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978); *see also*, *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*."). A governmental entity is liable under § 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996)(citing *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690-91 (1978)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)(quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)). Accordingly, for Mattox "to demonstrate municipal liability, he must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his injury was caused by the

execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also*, *Searcy v. Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)(noting that such policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983")(quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981))).

In the instant case, Mattox has failed to allege that the City of Memphis acted pursuant to a policy, procedure, or custom in causing his alleged constitutional harm. In his complaint, Mattox asserts a single incident: that he was "kidnapped and held hostage" when he was taken to the Memphis Mental Health Institution. (Compl. 1, ECF No. 1.) In this assertion, Mattox fails to identify any municipal policy or custom of the City of Memphis that deprived him of his constitutional rights, thereby failing to state a claim for which relief may be granted against the City of Memphis.

### III. RECOMMENDATION

For the foregoing reasons, the court recommends that Mattox's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 8th day of February, 2019.

                                        _/s/ Diane K. Vescovo_
                                        DIANE K. VESCOVO
                                        Chief United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.