**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

MICHAEL MATTOX,

      Plaintiff,

v.

                                  Case No. 2:19-cv-2012-MSN-dkv

MEMPHIS POLICE DEPARTMENT (MPD),

      Defendant.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION FOR *SUE SPONTE* DISMISSAL

---

Before the Court is the Magistrate Judge's Report and Recommendation for *Sue Sponte* Dismissal, dated February 8, 2019 ("**Report**"). (ECF No. 7.)  The Report recommends that Plaintiff Michael Mattox's *pro se* Complaint against Defendant Memphis Police Department (MPD) ("MPD") be dismissed *sue sponte*.  (*Id.*)  Plaintiff filed an objection February 19, 2019. (ECF No. 8.)

For the following reasons, Plaintiff's objections are **OVERRULED**.  The Report is **ADOPTED**.  All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

On January 2, 2019, Plaintiff, Michael Mattox, filed a *pro se* Complaint against MPD titled "Injunction Lawsuit." (ECF No. 1.)  Mattox asserts that "[b]etween the years of 2016 thru 2018 the MPD kidnapped and held hostage I, the plaintiff, Michael Mattox, and took me, Michael Mattox, to Memphis Mental Health Institution." (*Id.*) Mattox believes "this . . . kidnap, false arrest,

hostage & [] ransom situation happen[ed] on 11/11/2018." (*Id.*) Mattox claims that the MPD committed the following constitutional violations:

> 1st amendment freedom of speech, freedom not to speak
> 8th amendment cruel and unusual punishment
> 13th amendment of slavery
> 5 & 14 constitutional amendments of due process; deprived of life, liberty & the pursuit of happiness.

(*Id.*)

Mattox seeks compensatory damages in the amount of three zillion dollars for mental anguish, emotional pain and suffering, and physical pain and suffering; punitive damages in the amount of one zillion dollars; and injunctive relief in the form of a court order instating Mattox as the "chief executive officer of the MPD." (*Id.* at PageID 2.)

The Report construes Mattox's "Injunction Lawsuit" as a complaint against MPD pursuant to 42 U.S.C. § 1983 for violations of the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. (ECF No. 7 at PageID 17.) The Report finds that the MPD is a sub-unit of the City of Memphis and is therefore not a separate legal entity that can be sued under § 1983. (*Id.*) Further, the Report finds that Mattox fails to state a § 1983 claim against the City of Memphis because "Mattox failed to allege that the City of Memphis acted pursuant to a policy, procedure, or custom in causing his alleged constitutional harm." (*Id.* at PageID 19.) The Report therefore recommends that Mattox's Complaint be dismissed *sue sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.*)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he

district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *accord Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

Mattox presents four numbered paragraphs in his two-page submission titled "Objections and request for Memphis Police Departments body cams, police vehicle cameras, & all documentations." (ECF No. 8.) In paragraph one, Mattox states he "is and am not suing under 1983," and that he "is suing the Memphis Police Department or the City of Memphis . . as a whole business entity working together fully a 100% team effort whether it be a corporation, LLC, etc. !!!" (*Id.* at PageID 21.)

Mattox's second paragraph does not appear to object to the Report, but merely lists the constitutional claims for which the Report concludes Mattox has failed to state a claim upon which relief may be granted. (*Id.*) Mattox also adds that "[o]ur [C]onstitution is the highest policy in OUR land of the United States of America!!!" (*Id.*)

Mattox fourth paragraph states that this Court "can change the name of the defendants []party to 'City of Memphis' if this Honorable Court sees fit to make such ameliations!!!" (*Id.* at PageID 22.)

Mattox's objections do not explain how the Report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Mattox merely restates his claims that were previously presented and addressed by the Magistrate Judge. *See Howard*, 932 F.2d at 509. Because Mattox's objections reiterate the claims presented to the Magistrate Judge, the Court may review the Report for clear error. *See Verdone*, 2018 WL 1516918, at *2.

The Court has reviewed the Report for clear error and finds none. Accordingly, Mattox's objections are **OVERRULED**.

Finally, Mattox's third paragraph requests an "injunction format for motion of discovery" to have the MPD "turn over all video footage" of Mattox to him. (ECF No. 8 at PageID 22.)

Because the Court has determined that it will adopt the Report and dismiss Mattox's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Mattox's discovery request is not proper and is **DENIED**.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's objections are **OVERRULED**.  The Report is **ADOPTED**.  All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of March, 2019.


s/ Mark S. Norris
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE